HOGAN, by guardian *ad litem*, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*November 28 — December 11, 1883.*

APPEAL TO S. C.: RAILROADS: NEGLIGENCE. *(1, 3) Presumptions in favor of finding and of judgment. (2) When question of negligence one of law: Special verdict. (4) Care due to licensee upon railroad track.*

[1. Whether, where a motion for judgment based upon the special verdict *and the minutes of the judge* was granted, and the evidence is not preserved in a bill of exceptions, it will be presumed, on appeal, that the undisputed testimony, independently of the questions submitted to the jury, established the correctness of such judgment, is not determined.]

2. If the special findings by the jury, and the averments of the complaint conclusively show that the defendant was free from any negligence causing the injury complained of, a finding in the verdict that the defendant was guilty of such negligence will be treated merely as an erroneous conclusion of law, and will have no weight in determining what judgment should be entered.

3. Where the evidence is not preserved in a bill of exceptions it may be assumed, in support of a finding that the defendant was guilty of negligence, that any fact stated in the complaint, and not specially found by the jury, was proved on the trial, but it cannot be presumed that facts not so stated or found were proved.

Hogan, by guardian ad litem, vs. The Chicago, M. & St. P. R'y Co.

4. A mere licensee upon the track of a railway company was injured by the backing up of a train which had been standing thereon, caused by the coupling of an engine to such train. His presence upon the track was unknown to, and unexpected by, the servants of the company operating the train, and could not reasonably have been anticipated by them. The usual signals of ringing the bell and sounding the whistle of the locomotive were given — the former being continued to the time the coupling was made, — and the train was being operated and the business conducted, when the accident happened, in the usual manner. *Held*, that the requirements of ordinary care and diligence were fully complied with, and that the company was not required to give any other notice, signal, or warning of the movement of the train or coupling of the cars.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff, *John Hogan*, an infant under seven years of age, brought this action, by his guardian *ad litem*, to recover damages for personal injuries caused by the alleged negligence of the servants of defendant company. After alleging the appointment of a guardian *ad litem* for plaintiff, and the incorporation of the defendant, the complaint proceeds as follows:

" That at the time hereinafter mentioned there was a railroad side track extending from the main tracks of said defendant in the Fourth ward of the city of Milwaukee, over private property, in an easterly direction to the south side of a watercourse running east and west, known as Kneeland's canal; that said side track was used by the defendant, but that the ground over which it lay was not in the exclusive possession of the defendant nor devoted to its exclusive use, but the same was habitually and largely used for travel by teams and pedestrians; and especially at a point nearest to said watercourse it was constantly and habitually used for passage and travel by teams and persons on foot, and, with a view and for the purpose of facilitating such passage and travel, the space next to and between the rails of said track was planked and so arranged as to make the

Hogan, by guardian ad litem, vs. The Chicago, M. & St. P. R'y Co.

crossing of the same convenient and easy, and to indicate by its appearance that it was a proper place for crossing and travel, and that such place was near a public street, and open and free of access to everybody, all of which said defendant well know.

"That on the 22d day of September, 1881, a train of freight cars of said defendant stood on said side track, immediately west of said place of crossing and passage; that there was no locomotive engine or other motive power attached thereto, and the same stood there a long time, to wit, several hours, without moving, and that the said defendant had been in the habit of keeping detached cars standing in said place on said side track for long periods of time without moving the same; that on said 22d day of September, 1881, said plaintiff, being then less than six years of age, was on said side track immediately to the east of said train of cars, standing thereon as aforesaid, and on the part of said track which was a common and open passage-way and crossing, as aforesaid; that he was there lawfully, and without fault or negligence on his part or the part of his parents; and that said defendant then and there suddenly, and without any notice or signal thereof being given, with gross carelessness and negligence, and recklessly, by means of a locomotive applied at the western end of said train, at a great distance from the east end thereof, and which could not be seen from the place where said plaintiff was, started and propelled said train eastwardly on said track, by means whereof said plaintiff, without any fault or negligence on his part, was knocked down by the most easterly of said cars, thrown upon the track where the wheels of said car passed over his left arm and crushed the same so that it had to be amputated.

"That it was the duty of said defendant, in the exercise of ordinary care, before starting said cars and pushing the same eastwardly over the said common and habitual pas-

sage-way and crossing, to give due and proper notice of its intention so to do, so as to warn away persons who might be there, but that said defendant wholly failed and neglected so to do."

The answer is (1) a general denial; (2) contributory negligence of the plaintiff; (3) like negligence of his parents. A trial of the issues by a jury resulted in a special verdict, in the form of questions and answers, as follows:

" 1. Does ordinary care and prudence require that a reasonable notice, signal, or warning should be given before moving a train backwards upon the place where the plaintiff boy stood, in the manner in which the train by which the boy was injured in this case was moved back? *Answer.* Yes.

" 2. Was such a notice given in this case? *A.* No.

" 3. If not, was the omission to give the same negligence on the part of the defendant or its employees? *A.* Yes.

" 4. Was such negligence the proximate cause of the plaintiff's injury? *A.* Yes.

" 5. Was there any negligence on the part of the plaintiff contributing to the injury, considering the age and degree of intelligence of the plaintiff, at the time of the injury? *A.* No.

" 6. Was the engine bell rung while the engine was backing in on the side track, and while the couplings were being made? *A.* Yes.

" 7. Did the defendant make the coupling, at the time of the accident, with care? *A.* No.

" 8. Was the work upon this side track, on the day in question, done in the same manner in which it had been done for a long time prior to the accident? *A.* Yes.

" 9. Was the engine whistle sounded? If yes, where was the engine when the whistle blew? *A.* Engine whistle sounded on the main track, going west to the switch.

" 10. How far easterly did the rear car move when the second coupling was made? *A.* From three to ten feet.

Hogan, by guardian ad litem, vs. The Chicago, M. & St. P. R'y Co.

" 11. Was Caroline Hogan guilty of negligence in her care of *John Hogan* on the day of the accident and prior to the accident? *A.* No.

" 12. Was Mrs. Hogan guilty of negligence in her care of *John Hogan?* *A.* No.

" 13. Did the accident occur at a place where the men in charge of the train would naturally expect a little child to be upon the track? *A.* No.

" 14. Ought the train-men, in the exercise of ordinary prudence, to have anticipated, as the probable result of their act in coupling the cars, that a child would be injured? *A.* No.

" 15. Do you find for the plaintiff or for the defendant? And, if you find for the plaintiff, at what sum do you assess the damages? *A.* We find for the plaintiff, and assess the damages at $2,200."

Each party moved for judgment on the verdict. The motion of the plaintiff was denied and that on behalf of the defendant was granted, and judgment for the defendant was entered accordingly. The plaintiff appeals from the order denying his motion, and from the judgment against him, pursuant to ch. 49, Laws of 1883.

For the appellant there were briefs by *Jenkins, Winkler & Smith,* and oral argument by *Mr. Winkler.* They contended, *inter alia,* that the answers to questions thirteen and fourteen do not contradict the finding that it was negligence to throw the cars backward unto the place in question without notice — that the place was of such a character that ordinary care, ordinary consideration for the safety of human beings (that is the evident meaning of the other findings) required notice to be given. Even if the finding were that the place was one where the trainmen would not *naturally expect* any person to be upon the track, it would not contradict the other finding. This would involve the principle that all that is required of a person to relieve him of the

charge of negligence is to guard against injuries which he *would* "naturally expect." Such is not the law. Wharton on Neg., secs. 16–21, 77, 78; Shearm. & Redf. on Neg., sec. 7. The defendant was not relieved from liability by the mere fact that the plaintiff was on the track on private property. *Delaney v. M. & St. P. R'y Co.*, 33 Wis., 67; *Townley v. C., M. & St. P. R'y Co.*, 53 id., 636; *Cordell v. N. Y. C. & H. R. R. R. Co.*, 70 N. Y., 119; *Driscoll v. N. & R. L. & C. Co.*, 37 id., 637; *Railroad Co. v. Stout*, 17 Wall., 657; *Corrigan v. Union Sugar Refinery*, 98 Mass., 577; *Kay v. Pa. R. R. Co.*, 65 Pa. St., 269; *I. C. R. R. Co. v. Hammer*, 72 Ill., 347; *Daley v. N. & W. R. R. Co.*, 26 Conn., 591; *B. & O. R. R. Co. v. Trainor*, 33 Md., 542; *Hicks v. Pacific R. R. Co.*, 64 Mo., 430. The fifteenth question required the jury to find a general verdict, and such verdict solves every question in favor of the plaintiff which is not otherwise specially passed upon. *Eldred v. Oconto Co.*, 33 Wis., 133. This verdict is wholly different from that in *Kelley v. C., M. & St. P. R'y Co.*, 53 Wis., 74. In that case the jury were directed to find a special verdict only.

For the respondent there was a brief by *D. S. Wegg*, of counsel, and the cause was argued orally by *Mr. Burton Hanson.* They argued, among other things, that error is never presumed but must be affirmatively shown. All presumptions are in favor of the ruling of the court below. *Dawes v. Glasgow*, 1 Pin., 171; *Goodhue v. Grant*, id., 556; *Heald v. Wells*, 7 Wis., 149; *Shaw v. Shaw*, 8 id., 168; *Meyer v. Foster*, 16 id., 294; *Van Patten v. Wilcox*, 32 id., 340; *Eaton v. Lyman*, 33 id., 34; *Coffee v. Chippewa Falls*, 36 id., 121; *Kelly v. Town of Fond du Lac*, id., 307; *Power v. Rockwell*, 39 id., 585; *McHugh v. C. & N. W. R'y Co.*, 41 id., 75. The fifteenth question is merely one of the questions of the special verdict, stands as a part thereof, and amounts to a mere assessment of damages in the event of the plaintiff being entitled to recover. *Kelley v. C., M. &*

*St. P. R'y Co.*, 53 Wis., 74. Under the rule that no questions upon which the testimony is not in conflict need be submitted to the jury in a special verdict, this court must presume in favor of the judgment that, notwithstanding the special verdict rendered, there were facts established by the uncontradicted evidence which clearly demonstrated the right of the defendant to the judgment granted. *Williams v. Porter*, 41 Wis., 422; *Hutchinson v. C. & N. W. R'y Co.*, id., 541; *McHugh v. C. & N. W. R'y Co.*, id., 75; *Ward v. Busack*, 46 id., 407. Where a railroad company licenses individuals to use its tracks for foot passage the company owes no active duty or diligence to such licensees outside of what it would be called upon to perform in the then customary and usual manner of transacting the business at the point in question. Under the findings in this case, therefore, there can be no recovery. *Nicholson v. Erie R'y Co.*, 41 N. Y., 526; *Sutton v. N. Y. C. & H. R. R. R. Co.*, 66 id., 243; *C. & A. R. R. Co. v. McLaughlin*, 47 Ill., 265; *C., B. & Q. R. R. Co. v. Stumps*, 55 id., 367.

LYON, J. The record contains no bill of exceptions. The motion on behalf of the defendant company for judgment was based upon the minutes of the judge as well as upon the verdict. It is claimed for defendant that, in the absence of a bill of exceptions preserving the testimony, it must be presumed that the undisputed testimony, independently of the questions submitted to the jury, establishes the right of the defendant to a judgment. This proposition is based upon the familiar rule that error is never to be presumed, but to be available must always be made to appear affirmatively. The argument of the learned counsel for the plaintiff against this proposition is, in substance, that resort can only be had to the minutes of the court — that is, to what transpired on the trial — in motions for new trials made at the trial terms (R. S., 764, sec. 2878), and hence that a judg-

ment cannot properly be rendered upon what appears only in the minutes of the court, and especially when the judgment contravenes the verdict of the jury. The question is an interesting one, and may become important in future cases, but the view we have taken of the verdict renders it unnecessary to determine it in the present case. We shall therefore consider the case upon the pleadings and verdict alone.

The answers to the fifth, eleventh, and twelfth questions acquit the plaintiff and his parents of any negligence which contributed to the injury complained of. It will be assumed, for the purposes of the case, that those questions were correctly answered, and that neither the plaintiff nor either of his parents are chargeable with negligence in that behalf. The answers to the first four and the seventh questions are to the effect that the defendant company is chargeable with negligence which caused the injury to the plaintiff. These, standing alone, would entitle the plaintiff to judgment, he and his parents being free from negligence in the premises. We are to determine how these findings of the defendant's negligence are affected by the other findings of the jury, to wit, by the sixth, eighth, ninth, tenth, thirteenth, and fourteenth findings, and by the averments of the complaint to the effect that the place where the plaintiff was injured was the private grounds of the company, but that the plaintiff was lawfully on those grounds by the implied license and permission of the company.

The question of negligence is, or may be, a mixed question of law and fact. It may embrace the facts upon which the charge of negligence is predicated, and the conclusion of law to be deduced therefrom, as to whether such facts do or do not constitute negligence. In some cases the facts found lead irresistibly to the conclusion of negligence or the absence of it. In such cases the inference of negligence or the want of it is purely a conclusion of law. *Nicks v. Town*

*of Marshall*, 24 Wis., 139, and *Delaney v. M. & St. P. R'y Co.*, 33 Wis., 67, belong to this class. In other cases the facts found may leave the inference of negligence or no negligence in doubt. In such cases the question of negligence is for the jury. But it is so because other facts, not found, are necessary to be considered and determined before the inference can properly be drawn. Of this class are the cases of *Sutton v. Town of Wauwatosa*, 29 Wis., 21, and *Kenworthy v. Ironton*, 41 Wis., 647. There are numerous other cases determined by this court which belong to one or the other of these classes, and which illustrate the distinction between them.

If the findings of fact last above specified, and the averments of the complaint, conclusively show that the defendant was free from any negligence which caused the injury complained of, this case belongs to the class first above mentioned. In that event the findings in the verdict that the defendant was guilty of such negligence amount only to a conclusion of law, and are overcome by the specific findings of fact which demonstrate that the conclusion is erroneous. This is on the same principle that a general verdict must yield to special findings inconsistent with it. R. S., 760, sec. 2860. But if the case is within the other class above mentioned, the findings that the defendant was negligent are something more than mere conclusions of law. In that event they embrace and include the element of fact not specially found, as well as of law, and cannot properly be disturbed. So the case turns upon the question, To which of the above classes does it belong? If to the first, the judgment is right and must be affirmed; if to the other class, it is erroneous and must be reversed.

The findings that the defendant was negligent in the premises are predicated entirely upon its supposed duty to give some notice, signal, or warning, other than was given, that it was about to run its locomotive upon the side-track

Hogan, by guardian ad litem, vs. The Chicago, M. & St. P. R'y Co.

and attach it to the train of cars standing thereon. The verdict does not inform us what further notice, signal, or warning ought to have been given. This is, indisputably, the negligence imputed in the seventh finding, as well as in the first four findings, because no other negligence in making the coupling is charged in the complaint. We may assume that any fact stated in the complaint, but not specially found by the jury, was proved on the trial, but it cannot be presumed that facts not so stated or found were proved. *Farrell v. Drees*, 41 Wis., 186. Should it be claimed the complaint charges that the locomotive was propelled too rapidly and violently against the train of cars standing upon the side track, while we do not think it so charges, we are of the opinion that the charge, if made, is negatived by the tenth finding, that the rear car, which ran over the plaintiff, was only moved from three to ten feet when the coupling was made.

The pleadings and verdict establish these facts:  (1) The plaintiff was on the private grounds of the company when injured, and, at most, was a mere licensee on such grounds. (2) He is a child of tender years; the train-men had no reason to think such a child would be on the track in the rear of the train, and reasonable care and prudence did not require them to anticipate, as a result of coupling the cars, that such a child would be injured.  (3) The work on the side track at the time of the injury (which includes, of course, the running of the locomotive upon it, the signals, and the mode of coupling) was done in the same manner in which it had been done for a long time before the accident. (4) The engine whistle was sounded as the engine was moving west on the main track to go on the switch.  (5) The engine bell was rung while the engine was backing in on the side track, and while the couplings were being made.

As before observed, the only negligence imputed to the defendant is that it failed to give proper notice, signal or

warning while running its engine on the side track and making the couplings to the train standing thereon. The precise question to be determined is, therefore: Under the circumstances of the case, were or were not the signals of blowing the whistle and ringing the bell, as the same were done, all the signals, notice, or warnings which the defendant was required to give that its locomotive was about to be run upon the side track and the couplings were about to be made? The jury have answered the question in the negative. Is the answer correct or erroneous? The plaintiff was upon the private grounds and track of the defendant for his own purposes. He was lawfully there, however, by virtue of an implied license given by the defendant to the whole public, including the plaintiff. Being lawfully there, the defendant owed him the duty of exercising ordinary care to avoid injuring him while there. But the requirements of ordinary care are, or in some cases may be, fulfilled in a case like this by the employment of far less precautions to avoid accident than would be required were the *locus in quo* a public highway usually thronged with people. Such is the doctrine of *Davis v. C. & N. W. R'y Co.*, 58 Wis., 646. It is said in the opinion by Mr. Justice TAYLOR in that case: "It may be that the company is not compelled to use the highest degree of care to protect those so using its track, and that if it uses its road in the ordinary way, and an injury results, it may not be liable."

The question of the duty of a railway company to a mere licensee upon its track, for his own pleasure or convenience, was elaborately and most ably discussed in that case; and numerous cases bearing upon it, both English and American, were cited by the learned counsel. Many of these are commented upon by Mr. Justice TAYLOR. The rule appears to be established by those cases (and there seems to be little or no conflict of authority on the subject) that in a case like this, where a person who is a mere licensee upon the track of the

railway is injured as was this plaintiff, if his presence there is unknown to, and unexpected by, the servants of the railway company operating the train, and would not reasonably be anticipated by them; if the usual signals of ringing the bell and sounding the whistle of the locomotive were given — the former being continued to the time the couplings were made; and if the train is being operated and the business conducted, when the accident happens, in the usual manner,— the requirements of ordinary care and diligence are fully complied with, and the railway company is not required to give any other notice, signal, or warning of the movement of the train or coupling of the cars.   The cases from which this rule is deduced are cited in the brief of counsel for the defendant in *Davis v. R'y Co., supra.*   It is not deemed important or necessary to enlarge upon them here, after the very full discussion of the subject by Mr. Justice TAYLOR in that case.

It follows from the foregoing propositions that the special findings of fact demonstrate that the defendant is not chargeable with negligence in the premises.   This eliminates from the finding that it was negligent, every element of fact, and leaves it a mere naked conclusion of law, entirely unsupported by the facts.   Being so, we have already seen that the finding of negligence, as well as the general verdict for the plaintiff, must yield to the special findings of fact, and can have no weight in determining the judgment. Because the special findings of fact establish conclusively that the plaintiff was not injured by means of any default or negligence of the defendant company, the county court properly gave judgment for the defendant upon the verdict.

*By the Court.*— Judgment affirmed.