FICK, Respondent, vs. THE CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*March 4 — March 22, 1887.*

*Railroads: Master and servant: Liability for torts: Scope of employ-
ment: Special verdict.*

1. A ticket agent left another employee in charge of the ticket office,
who failed to return the proper change upon the sale of a ticket
and, upon being asked therefor by the purchaser, assaulted and
struck the latter. *Held*, that the railroad company was liable for
such acts of its employee.
2. Where the facts found by a special verdict conclusively showed that
wrongful acts of an employee were done in the course of his em-
ployment, a further finding that such acts were not done in the
course of his employment is treated as a mere erroneous con-
clusion of law.

APPEAL from the Circuit Court for *Monroe* County.

Action to recover damages for injuries occasioned by an
assault upon the plaintiff by one of the defendant's em-
ployees. The complaint alleges that the plaintiff applied at
the station at Wilton for a ticket to Norwalk, and handed to
the person in the ticket office fifty cents to take therefrom
the price of the ticket, which was twenty cents; that such
person handed to him the proper ticket, but only returned
ten cents in change; that the plaintiff having called atten-
tion to the mistake, the said agent or employee refused to
return the balance, came out of the ticket office in an angry
manner, and passed to the platform; that the plaintiff again
requested such agent to return the change, and that there-
upon the agent assaulted and struck him.

The answer alleged that the plaintiff with two or three
companions, all grossly drunk, entered the station at Wil-
ton and commenced an assault upon one E. W. Davis, who
was then and there engaged in the business of mail carrier
from the postoffice at Wilton to the trains of the defendant,

and that the said Davis resisted as he lawfully might. Otherwise the answer denies the allegations of the complaint.

The jury returned a special verdict. The facts found therein will sufficiently appear from the opinion. The jury also assessed the plaintiff's damages at $200. Both parties moved for judgment on the special verdict. The motion of the plaintiff was granted, and from the judgment entered accordingly the defendant appealed.

For the appellant the cause was submitted on the brief of *Jenkins, Winkler, Fish & Smith.* They contended that the wrongful act of the employee being outside the scope of his employment and wilful, the company was not liable. 2 Rorer on Railroads, 1192; *Craker v. C. & N. W. R. Co.* 36 Wis. 669; *Johnson v. C., R. I. & P. R. Co.* 58 Iowa, 348; *L. M. R. Co. v. Wetmore,* 19 Ohio St. 110; *Batton v. S. & N. A. R. Co.* 22 Cent. L. J. 467.

For the respondent there was a brief by *Bleekman, Tourtellotte & Bloomingdale,* and oral argument by *Mr. Bleekman.* They argued, among other things, that the principal is liable for the wilful or malicious misconduct of an agent in the course of his employment, as well as for injuries resulting from his negligence. 1 Wait's Act. and Def. 282; 2 id. 75–6; 4 id. 410–11; Rorer on Railroads, 826; *Wood v. Detroit City R. Co.* 23 Am. Law Reg. 243, note; *Ramsden v. B. & A. R. Co.* 104 Mass. 117; *Goddard v. G. T. R. Co.* 57 Me. 202; *S. C.* 2 Am. Rep. 39; *Marion v. C., R. I. & P. R. Co.* 59 Iowa, 428; *Bryant v. Rich,* 106 Mass. 180; *Hanson v. E. & N. A. R. Co.* 62 Me. 84; *S. C.* 16 Am. Rep. 404; *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Stewart v. B. & C. R. Co.* 90 N. Y. 588; *Sherley v. Billings,* 8 Bush, 147; *S. C.* 8 Am. Rep. 451. The master is likewise liable for the acts of a person whom his servant employs to assist in the performance of work. *Althorf v. Wolfe,* 22 N. Y. 355; *Railroad Co. v. Gallagher,* 23 Am.

Law Reg. 593, note. Common carriers are not only liable for the torts and wilful misconduct of their agents, but on account of the contract relations existing between the parties, they owe to a passenger the further duty of protecting him from injury, and the law requires them to exercise the highest degree of care that human judgment and foresight are capable of, to make the passenger's journey safe. *P., Ft. W. & C. R. Co. v. Hinds*, 53 Pa. St. 512; *P. & C. R. Co. v. Pillow*, 76 id..510; *Flint v. N. & N. Y. Transp. Co.* 34 Conn. 554; Wood on M. & S. sec. 321, p. 645, note 3.

COLE, C. J. The plaintiff had purchased a ticket at the ticket office at Wilton for his transportation to Norwalk, so the relation of carrier and passenger existed at the time of the assault. It is needless to say that the company and its agents owed him fair and proper treatment while this relation existed. The jury found that one Fred E. Davis was the station agent at Wilton when the ticket was purchased; that Edward W. Davis was employed at Wilton to carry the mail from the trains to the post office, and was employed in no other capacity; that at the time in question the plaintiff purchased of Edward W. Davis, temporarily in the ticket office at Wilton by permission of Fred E. Davis, a ticket to Norwalk, the price of which was twenty cents, and tendered him fifty cents in payment thereof; that Edward W. Davis returned to the plaintiff too small an amount of change, and informed him that they had no change and would either send it to him or hand it to him when he came again; that Edward W. Davis committed the first assault upon the plaintiff at this time; and that the plaintiff was intoxicated.

Upon these simple facts the conduct of the employee, Edward W. Davis, in assaulting the plaintiff would appear to be wholly indefensible and without any legal excuse. The

plaintiff had given him money to pay for his ticket, and he was entitled to have his correct change returned. It was natural that he should ask for it and persist in demanding it. The agent had no possible right or justification for assaulting him because he did insist upon the correct amount of change being returned. Of course, the defendant owed the plaintiff the duty of treating him respectfully and properly. Certainly it was bound to protect him against the violent acts or misconduct of its agents. There would probably be no controversy as to the correctness of this view of the law, or as to the liability of the defendant for the wilful act of a servant while acting in the course of his employment.

It is said that Edward W. Davis was not the station agent at Wilton, but was merely employed to carry the mails from the trains to the post office, and was employed in no other capacity. But he was in the ticket office, sold the plaintiff a ticket, and received pay therefor. It is alleged in the complaint that the plaintiff went to the station for the purpose of taking passage on the train due in a few minutes, and purchased a ticket of an employee in charge of the office. Now, while it may be true that Edward W. Davis was not the regular ticket agent, yet under the circumstances he must be regarded as authorized to issue the ticket. The special verdict finds that at this time the "fracas" occurred, or the unlawful assault was committed. Now, to say that Edward W. Davis was a servant of the defendant in selling the ticket and receiving pay for it, but while in the act of refusing to return the proper change and in making the assault was acting outside the course of his employment, is refining too much upon the transaction. It is not as though the fracas had occurred at a subsequent time and place disconnected with the act of selling the ticket and making change. Of course, the rule is familiar that the master is liable for the torts of his servant only when

they are committed in the course of his employment, and we do not intend to disregard that rule here. It is often difficult to determine what acts should be deemed within the course of the employment; but it seems to us, upon the facts, that the assault made upon the plaintiff is one for which the defendant is liable. It would be unjust to hold that the defendant, which was bound to use all due diligence to carry the plaintiff safely to his destination, was not bound to protect him against the violent act of its servant under the circumstances of the case. True, the jury, in answer to the fourteenth question, find that the striking of the plaintiff by Edward W. Davis was not done by him in the course of his employment. But this, in view of the other findings, amounts only to a conclusion of law, and is not controlling as to the fact. It is like the question presented in *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139, where it was held that, if the special findings by the jury and the averments of the complaint conclusively show that the defendant was free from any negligence causing the injury complained of, a finding in the verdict that the defendant was guilty of such negligence will be treated merely as an erroneous conclusion of law, and will have no weight in determining what judgment should be entered. So here, where the other findings show that Edward W. Davis was acting in the course of his employment when he committed the unlawful act complained of, the fourteenth finding must be treated as an erroneous conclusion of law, which can have no weight in determining what judgment shall be entered.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 32 N. W. Rep. 527.— REP.