Truax, Respondent, vs. The Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant.

*November 15 — December 6, 1892.*

*Railroads: Licensee: Assumption of risks.*

One who, as a mere licensee, uses for the passage of his stock an opening under a railway bridge constructed by the company for its own use and benefit, does so at his own risk, and cannot recover for the death of a horse caused by his suddenly throwing up his head and striking the end of a bolt left projecting downward from a timber of the bridge.

APPEAL from the Circuit Court for *Eau Claire* County.

The action is to recover the value of a horse claimed to have been killed by the negligence of defendant. There is but little dispute as to the facts. Defendant's railroad crossed plaintiff's farm, separating a part of the pasture land from the buildings. At one place there was a swale or depression, which the railroad crossed at right angles, where considerable water ran in the spring of the year. When the railroad was originally constructed, in 1871, a small culvert for the passage of water was constructed

across this swale.   Afterwards, and about the year 1880, a pile bridge was put in, which was of sufficient width and height so that stock could pass under it, and plaintiff then began to use it for passage of stock from the pasture to his barns.   In 1887 this bridge was reconstructed, and a fine bridge was put in, one of the spans of which nearly coincided with the former pile bridge, and after this rebuilding plaintiff used the opening under this span for passage of stock and teams, without objection on the part of the company.   The opening thus used was about six feet in height in the clear and thirteen feet wide.   Several bolts were left projecting downward some three inches from the under surface of the timbers into the opening, and in the summer of 1890, while some of plaintiff's horses were being driven through the opening, one of his horses suddenly threw up its head and struck one of the ends of the bolts so projecting, and was killed.   Neither of the bridges was built by request of or arrangement with the plaintiff.   A farm crossing or grade for the plaintiff's use had been constructed by the company about eighty rods distant from the bridge. Upon the trial the plaintiff recovered on the ground that the defendant had been negligent in allowing the bolts to remain projecting into the passageway, and defendant appeals.

For the appellant there was a brief by *Thomas Wilson*, *S. L. Perrin*, and *R. J. MacBride*, and oral argument by *Mr. MacBride*.   They argued, among other things, that if an injury is sustained by the licensee by reason of a mere defect in the premises, the owner is not responsible.   The licensee takes upon himself all the risks.   The land-owner owes no duty to him except the negative duty not to wantonly injure him.   *Gautret v. Egerton*, L. R. 2 C. P. 374; *Hounsell v. Smyth*, 7 C. B. N. S. 743; *Sutton v. N. Y. C. & H. R. R. Co.* 66 N. Y. 243; *Larmore v. Crown Point I. Co.* 101 id. 391; *Splittorf v. State*, 108 id. 205; *Hargreaves v. Deacon*,

25 Mich. 1; *Severy v. Nickerson*, 120 Mass. 306; *Parker v. Portland Pub. Co.* 69 Me. 173; *Vanderbeck v. Hendry*, 34 N. J. Law, 467; *Klix v. Nieman*, 68 Wis. 271; *Cahill v. Layton*, 57 id. 600; *Stevens v. Nichols*, 15 L. R. A. (Mass.), 459; *Reardon v. Thompson*, 149 Mass. 267; *Cusick v. Adams*, 115 N. Y. 55; *Ivay v. Hedges*, L. R. 9 Q. B. Div. 80.

For the respondent the cause was submitted on the brief of *Hayden & Start* and *T. F. Frawley*. They contended, *inter alia*, that the defendant owed to plaintiff the duty of exercising ordinary care and diligence to prevent injury to him or his property. *Davis v. C. & N. W. R. Co.* 58 Wis. 646. The act of placing these bolts over this way, unnecessarily projecting into it, was an act of negligence which increased the danger of passing and rendered the defendant liable. *Corrigan v. Union S. R.* 98 Mass. 577; *Gallagher v. Humphrey*, 6 L. T. (N. S.), 684; *Beck v. Carter*, 68 N. Y. 283; *Thayer v. Jarvis*, 44 Wis. 388. So long as the invitation impliedly given to plaintiff to use this opening continued, it was the duty of the defendant to see to it that it was safe for the purposes implied by the invitation. *Stewart v. C., W. & M. R. Co.* 80 Mich. 116; *Finegan v. Moore*, 46 N. J. Law, 602. The licensor has no right to create a new danger while the license continues. *Stevens v. Nichols*, 29 N. E. Rep. (Mass.), 1150; *Oliver v. Worcester*, 102 Mass. 489; *Corrigan v. Union S. R.* 98 id. 577; *Corby v. Hill*, 4 C. B. N. S. 556.

WINSLOW, J. When the defendant reconstructed the bridge in question in 1887 it did so for its own use and benefit, and not for the benefit of the plaintiff. By not objecting to plaintiff's use of the opening for the passage of stock it is probable that the plaintiff had become licensed at the time of this accident to use the same for that purpose, but this is the most favorable view that can be taken of plaintiff's position. That view does not entitle him to

recover.  A licensee goes upon land at his own risk, and must take the premises as he finds them.  *Reardon v. Thompson*, 149 Mass. 267.  The case is ruled by *Cahill v. Layton*, 57 Wis. 600.  The discussion of the authorities in this case seems to leave nothing further necessary to be said.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.