McCabe, Respondent, vs. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant.

*September 7 — November 13, 1894.*

*Railroads: Injury to licensee: Negligence.*

Plaintiff, the foreman of a gang of laborers engaged in unloading building material from freight cars on a spur track, was injured by the falling of a movable platform which had been constructed by his employers for use in the work, and which at this time was standing so near the track that it was struck and knocked down by a car of more than ordinary width which was being pushed in upon that track in the customary course of defendant's business. *Held,* that plaintiff was a mere licensee to whom defendant owed no duty of active care, and that defendant was not liable for the injury.

APPEAL from the Superior Court of *Douglas* County. This is an action for damages for a personal injury. The plaintiff was an employee of Butler Bros., contractors and builders, acting as foreman of a gang of laborers who were engaged in unloading, from cars on defendant's track, bricks and other building materials for Butler Bros. The cars, while being unloaded, stood upon a spur track. They were moved from time to time, to accommodate the business of the defendant upon the spur track, by taking out empty cars and putting in loaded ones for Butler Bros. and its other patrons along that line. For their own convenience in unloading from the cars, Butler Bros. erected a platform near the track. It was a movable platform. Sometimes it was moved up so near to the track that only freight cars of ordinary width could pass without hitting it. Sometimes it was left standing so near the track as that. The defendant knew of this platform, and did not object to it. On one occasion it pushed a train of cars which contained a furniture car in upon this spur track. A furniture car is wider than an ordinary freight car. The platform was standing too near to the track. The furniture car struck it

and knocked it down. The plaintiff was standing upon the platform. He knew the cars were being pushed in. His back was toward the cars. He was thrown down and upon some timbers which were under the platform, and was injured. There was a verdict and judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief signed by *Catlin & Butler* and *Carl C. Pope*, attorneys, and *Thomas Wilson* and *S. L. Perrin*, of counsel, and a supplemental brief by *Thomas Wilson*, and oral agument by *Mr. Pope* and *Mr. Wilson*. They argued, among other things, that the defendant was running cars in the usual course of its business over its spur track, in order to place them where they could be unloaded, and omitted no duty or precaution which the law required. 2 Broom & Hadley's Comm. * 252; *Cahill v. Layton*, 57 Wis. 614; *Cole v. McKey*, 66 id. 510; *Dowd v. C., M. & St. P. R. Co.* 84 id. 116. Defendant was under no legal obligation to give signals or to provide a lookout in the direction the train was moving. *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626; *Whalen v. C. & N. W. R. Co.* 75 id. 654; *Heddles v. C. & N. W. R. Co.* 74 id. 239; *Johnson v. C. & N. W. R. Co.* 56 id. 279. The plaintiff was a mere licensee and, as the trainmen of the defendant did not see him prior to the accident, they did not fail in any duty that they owed him. *Davis v. C. & N. W. R. Co.* 58 Wis. 646; *Martin v. Bishop*, 59 id. 417; *Hogan v. C., M. & St. P. R. Co.* id. 139.

For the respondent there was a brief by *Loud & O'Brien*, and oral argument by *P. O'Brien*. They contended, *inter alia*, that defendant knew that men were continually at work on and about its track where the accident occurred. It therefore owed plaintiff the duty of "keeping a careful lookout in the direction the train was moving." *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626; *Delaney v. C., M. & St. P. R. Co.* 33 id. 67; *Whalen v. C. & N. W. R. Co.* 75 id. 654; *Heddles v. C. & N. W. R. Co.* 74 id. 239; *Davis v.*

*C. & N. W. R. Co.* 58 id. 646; *Johnson v. L. S. T. & T. Co.* 86 id. 64; *Sutton v. N. Y. C. & H. R. R. Co.* 66 N. Y. 244; *Erickson v. St. P. & D. R. Co.* 41 Minn. 500. Plaintiff was not a mere licensee. He was rightfully on the track in the discharge of his duties to his employers, the consignees of freight shipped to them by defendant. Under the circumstances there was an implied warranty to him on the part of the company that its line and surroundings or other premises were safe in so far as care on the part of the company could make them safe, and that he should not be injured by negligence on the part of the company in the conduct of its business. Patterson, Railway Accident Law, §§ 208, 229; *Holmes v. N. E. R. Co.* L. R. 4 Exch. 254; *S. C.* 6 id. 123; *Allegheny V. R. Co. v. Findley*, 4 Weekly Notes Cas. 438; *Spotts v. Wabash W. R. Co.* 111 Mo. 380; *Foss v. C., M. & St. P. R. Co.* 33 Minn. 392; *Watson v. W., St. L. & P. R. Co.* 66 Iowa, 164; *Ill. Cent. R. Co. v. Hoffman*, 67 Ill. 287; *Newson v. N. Y. C. R. Co.* 29 N. Y. 383; *New Orleans, J. & G. N. R. Co. v. Bailey*, 40 Miss. 395; *Shelbyville L. B. R. Co. v. Lewark*, 4 Ind. 471; *Shelbyville L. B. R. Co. v. Lynch*, id. 494. In the case at bar the defendant was bound to exercise active diligence to prevent injury to the plaintiff who was lawfully on its premises about to engage in unloading its cars. This is true even if it involved a slight departure, on the part of the defendant, from running cars in the usual course of its business. *Stinson v. N. Y. C. R. Co.* 32 N. Y. 333; *Goodfellow v. B., H. & E. R. Co.* 106 Mass. 461; *Haley v. N. Y. C. & H. R. R. Co.* 7 Hun, 84; *Baltimore & O. R. Co. v. State*, 33 Md. 542; *Union Pac. R. Co. v. Harwood*, 15 Am. & Eng. R. Cas. 494.

The following opinion was filed October 2, 1894:

NEWMAN, J. The plaintiff was a mere licensee. The defendant owed him no duty of active care. The plaintiff himself was bound to the exercise of the highest care to

shield himself from injury. He had no reason to expect that the defendant would regulate the running of its trains, or change the course of its business, to suit his purposes or convenience. He could expect from it only such consideration and ordinary care as it owes to the general public. *Cahill v. Layton,* 57 Wis. 600; *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139; *Truax v. C., St. P., M. & O. R. Co.* 83 Wis. 547; 2 Wood, Railroads, 1469, and cases cited. Butler Bros. took the permission to use the defendant's right of way in the manner in which they were using it, subject to the ordinary risk and danger which was incident to the use of the spur track by the defendant in the manner in which it was accustomed to use it. There was no implied promise on the part of the defendant to cease doing any part of its customary business in the customary manner, or that it would desist from any customary service to any of its patrons along that track. The evidence fails to show that anything was done by the defendant out of the customary course of its business along that track. The verdict is contrary to the law.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied November 13, 1894.