HOGAN, by guardian *ad litem,* Appellant, vs. WINNEBAGO TRACTION COMPANY, Respondent.

*February 29—March 22, 1904.*

*Street railways: Injury to person in carriage: Contributory negligence of driver.*

At about the time the driver of a single horse attached to a buggy turned upon the street railway track in order to cross to the other side of the street, a train came in sight, approaching around the corner at the rate of seven miles an hour. The horse was walking and was gentle and under control. The cars could have been seen when at a distance of ninety-five feet, measuring around the curve of the track. Upon seeing them the driver attempted to back off the track, and at the same time the motorman put on the brakes. The train stopped as the forward car touched the buggy, not injuring it but tipping it slightly, and one of the occupants of the buggy jumped out and was injured. During the time the cars ran the ninety-five feet the horse could have walked at least forty feet and have been beyond all danger. *Held,* that the driver was guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action to recover for personal injuries sustained by the plaintiff by reason of a collision between the defendant's street car and a carriage in which she was riding. It is alleged that the defendant's employees were negligent in driving the car at a high rate of speed exceeding the rate fixed by the city ordinance, and in failing to ring the bell or give any warning.

It appeared by the evidence that the defendant operates an electric street railway in the city of Oshkosh; that one of its lines runs south on South Main street, and turns west to Ninth street at a right angle; that on the northwest corner of said intersecting streets there is a two-story brick store; that the city ordinance of the city of Oshkosh prohibits a greater speed than five miles an hour around curves;

that at about 8 o'clock p. m., Sunday evening, August 17, 1902, the plaintiff, a young girl, was taking a ride through the streets of Oshkosh in a single buggy with her sister and one R. J. Cole, the buggy being drawn by one horse and Mr. Cole being the driver; that they were driving east on Ninth street toward Main street, the horse walking and being upon the left side of the street railway track; that as they were still about thirty feet west of the west line of Main street Cole turned the horse onto the track in order to cross onto the right side of the street, and that at about the same time a train of three cars came into sight on Main street from behind the building, having a brightly lighted headlight; that the leading car was at a distance from the buggy of about seventy-six feet in a direct line and ninety-five feet around the curve of the track; that Cole endeavored to back his horse off from the track, and the motorman put on the brakes to stop the car. The driver, Cole, testifies as follows:

"The top of the buggy was half down. It was a nice, quiet, pleasant summer evening. From where we started to cross the track you can just see around the curve. You can't see very far on account of that brick building. I should judge the car was within about 100 feet of me when I see it, and as soon as I saw it I attempted to back off the track. The horse was not unruly. The train made no noise that I heard. We were not making much noise in the buggy, nor was the buggy or horse making much noise. My hearing is not defective, and my eyesight is not defective. I was looking east toward South Main street at the time I started to cross the track. The train came to a full stop at about the front wheel of the buggy."

It appears further from the testimony that the forward car struck the horse slightly, without inflicting any serious injury, and touched the buggy sufficiently so that it tipped to one side, and plaintiff jumped out of the buggy, breaking her leg and suffering other injuries. The buggy was not injured.

The jury returned the following special verdict:

"(1) Was the plaintiff injured at the time and place alleged? *Answer by the court.* Yes. (2) At what rate of speed were the cars running in turning the corner from South Main street onto Ninth street at the time alleged? *A.* Seven miles per hour. (3) Was the bell or gong sounded before turning the corner from South Main street onto Ninth street? *A.* No. (4) Was the headlight and the lights on the car burning when the train went into Ninth street? *Answered by the court.* Yes. (5) Ought the motorman, in the exercise of ordinary care, to have seen the plaintiff in time to have avoided coming in contact with the buggy? *A.* Yes. (6) Did the motorman try to stop the train as soon as it was apparent that there might be a collision? *A.* Yes. (7) Ought the person driving the horse, in the exercise of ordinary care and prudence, to have seen or heard the cars in time to have avoided coming in contact with them? *A.* No. (8) Did the employees of the defendant exercise ordinary care and prudence in the operation of its train at the time of the accident? *A.* No. (9) If you answer the last question 'No,' then was such want of ordinary care and prudence the proximate cause of plaintiff's injury? *A.* Yes. (10) Was the plaintiff guilty of any want of ordinary care which contributed to her injuries? *A.* No. (11) Was the person driving the horse guilty of any want of ordinary care which contributed to the plaintiff's injuries? *A.* No. (12) If the court should be of the opinion that the plaintiff is entitled to recover, at what sum do you assess her damages? *A.* $1,500."

The court, upon motion, struck out the answers to questions No. 3, 7, 10, and 11 as being contrary to the evidence, and thereupon entered judgment upon the verdict for the defendant, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Phillips & Hicks,* and for the respondent on that of *Weed & Hollister.*

WINSLOW, J. We think the trial court was right in setting aside the findings of the jury to the seventh, tenth, and

eleventh questions, and in entering judgment for the defendant. It seems to us beyond question that the admitted facts show that the driver of the horse was guilty of contributory negligence. The place where the driver turned his horse upon the track was not in dispute. It was at a point about thirty or thirty-five feet west of the line of Main street. At this point the cars coming down Main street could certainly be seen when at a distance of ninety-five feet measuring around the curve of the track. The horse was gentle and under control. The train was going (as found by the jury) at the rate of seven miles per hour. The horse was walking. The train stopped as it touched the buggy, without injuring it. All these facts are verities in the case. Now, when Cole drove upon the track the train was either in sight or it was not in sight. If in sight, he either drove on without looking, which was negligence, or he looked, and then drove on with knowledge of the approach of the train, and thus assumed the risk. If the train was not in sight when he drove on the track, then it is a demonstration that he must have allowed his horse to stand upon the track and wait for the train to run him down. The train was going at the rate of seven miles an hour. It traveled more than ninety-five feet under the last supposition, and its speed was constantly diminishing till it came to a standstill, and during all this time the horse was allowed by his driver to stand on or near the track. During the time that the train was proceeding ninety-five feet, granting that a horse walks no more than three miles an hour, the horse could have walked at least forty feet, and could easily have been beyond all danger. The physical facts which are verities in the case and incapable of being explained away demonstrate the contributory negligence of the driver beyond dispute. In this view of the case no other question need be considered.

*By the Court.*—Judgment affirmed.