.VETTER, 'Administrator, 'Appellant, vs. SOUTHERN WISCON-
SIN RAILWAY COMPANY, Respondent.

*September 16—October 5, 1909.*

*Street railways: Collision with vehicle near track: Duty to look and
listen for car: Contributory negligence: Question of law: Special
verdict: Inconsistent findings: Changing answer.*

1. The question of contributory negligence is or may be a mixed
   question of law and fact, but when facts are found in a special
   verdict showing contributory negligence without room for con-
   flicting inferences, the conclusion of law necessarily follows,
   and the court may properly change the answer to another ques-
   tion whereby the jury finds that there was no contributory neg-
   ligence.

2. In an action for death of a person caused by collision between his
   wagon and a street car which came from behind, findings in a
   special verdict, supported by the evidence, that before his team
   entered upon the track or went so near that the car could not
   pass without striking his wagon the deceased did not look or
   listen for the approach of the car from the rear, and that by .
   the exercise of ordinary care and prudence he could have seen
   the car in time to have avoided the accident, establish the con-
   tributory negligence of the deceased and are not nullified by a
   further finding that he was not guilty of such negligence.

3. A person driving on the highway is bound to look and listen for
   the approach of a street car before going so near the track that
   a car cannot pass without striking his wagon; and it is imma-
   terial in such a case whether or not he intends to drive upon or
   across the track.

'APPEAL from a judgment of the circuit court for Dane
county: JAMES O'NEILL, Judge. *Affirmed.*

This action was brought by the administrator to recover
damages for the alleged negligence of the defendant causing
the death of plaintiff's intestate. The negligence alleged is
in the careless operation of defendant's car and the failure
to warn the deceased of the approach of said car. The an-
swer denies generally the allegations of the complaint and al-
leges contributory negligence of plaintiff's intestate. The

case was submitted to the jury and the following verdict returned:

"(1) At what rate of speed was defendant's car moving at the time of the accident? A. Eight miles per hour.

"(2) At what rate of speed was the deceased driving his team at the time of the accident? A. Three and one-half miles per hour.

"(3) After turning from Emerald street into Park street and while approaching the place of accident, was the bell or gong of the defendant's car sounded? A. Yes.

"(4) Did the motorman try to stop the car as soon as it was apparent that there might be a collision? A. Yes.

"(5) Was the motorman guilty of any want of ordinary care in the operation of his car at the time of the accident? A. Yes.

"(6) If you answer the last question 'Yes,' then was such want of ordinary care the proximate cause of the death of the deceased? A. Yes.

"(7) Did the deceased, before his team entered upon the track or went so near it that the car could not pass him without hitting his wagon, look and listen for the approach of a car from the rear? A. No.

"(8) Could the deceased, in the exercise of ordinary care and prudence, have seen the approaching car in time to have avoided the accident? A. Yes.

"(9) Was the deceased guilty of any want of ordinary care which contributed to the accident? A. No.

"(10) In case the court should be of the opinion that the plaintiff is entitled to recover, at what sum do you assess his damages? A. $6,000."

Before the special verdict was submitted to the jury plaintiff objected to questions Nos. 1, 2, 4, and 7 for the reason that they did not call for a response to any issue raised by the pleadings, but called for a finding of an evidentiary character, and also requested the court to submit a question, to be numbered 3½, as follows: "If your answer to the third question is 'Yes,' then what distance was the motorman from deceased's vehicle at the time the bell or gong was sounded?"

And also requested that the court substitute for question No. 7 two questions as follows:

"No. 7. Was deceased, just before the accident, intending to drive upon or across the track of the defendant?

"No. 7½. If you answer the last question 'Yes,' then did deceased, before nearing or entering upon said track, look and listen for the approach of a car from the rear?"—

which requests were denied and due exceptions taken.

The usual motions were made for judgment on the verdict and to change the answers to questions in the verdict. The court changed the answer "Yes" to question No. 5 to "No," and changed the answer "No" to the ninth question to "Yes," and granted the defendant's motion for judgment on the verdict dismissing the complaint. Plaintiff moved for a new trial, which was denied, and judgment was rendered for the defendant dismissing the complaint, from which this appeal was taken.

For the appellant there was a brief by *Miner & Elver,* and oral argument by *F. M. Miner.*

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *B. W. Jones.*

KERWIN, J. The accident complained of occurred on South Park street in the city of Madison, between Erin street and the city limits. South Park street is a macadamized street with cement curbs, practically level, and running in a northerly and southerly direction. It is thirty-six feet wide from curb to curb, with a street-car track in the center and a space of fifteen and one-half feet between the rail and the curb. Commencing at a point about seventy-five feet from the city limits the track of the defendant begins to curve to make the turn onto Oregon road, somewhat narrowing the space between the rail and the east curb of the street, so that at the city limits this space is only about nine feet eight inches wide. Erin and Emerald streets meet South Park

street at right angles. The block between Erin and Emerald streets is about 316 feet long, and the block between Erin street and the city limits is 162 feet. Defendant's street-car track runs on Emerald street, turns on South Park street, and runs southerly on Oregon road. The greater part of the block between Erin and Emerald streets is vacant and practically unobstructed, so that one driving along South Park street between Emerald and Erin streets can look for some distance up Emerald street.

On the day in question, about 3 o'clock, the deceased was driving a team of horses attached to a broad-tired lumber wagon with a box thereon south along the east side of the street between Emerald street and the city limits, sitting on a high seat, with the reins around his body over his shoulder. The street between him and the city limits, as well as between him and Emerald street, was unobstructed. While thus driving his team, one of the defendant's cars turned from Emerald street onto South Park street. There is evidence tending to show that when the car was within less than thirty feet of deceased he drove onto or close to the track and directly out again, but not soon enough to prevent a collision between the hind wheel of his wagon and defendant's car, which collision produced the injury complained of.

The jury found by their answers to the seventh and eighth questions that before deceased's team entered upon the track or went so near that the car could not pass without striking his wagon, he did not look and listen for the approach of a car from the rear, and also that he could, by the exercise of ordinary care and prudence, have seen the approaching car in time to have avoided the accident. These findings are fully supported by the evidence and entitle the defendant to judgment on the verdict unless their effect be nullified by the ninth finding of the special verdict, which finds that the deceased was not guilty of any want of ordinary care which contributed to the accident. *Dummer v. Milwaukee E. R. &*

*L. Co.* 108 Wis. 589, 84 N. W. 853; *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823; *Morice v. Milwaukee E. R. & L. Co.* 129 Wis. 529, 109 N. W. 567; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *Hogan v. Winnebago T. Co.* 121 Wis. 123, 98 N. W. 928; *Hanlon v. Milwaukee E. R. & L. Co.* 118 Wis. 210, 95 N. W. 100; *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 85 N. W. 1036; *McClellan v. Chippewa Valley E. R. Co.* 110 Wis. 326, 85 N. W. 1018.

The court changed the answer to the ninth question from "No" to "Yes," and this ruling is complained of. The answers of the jury to the seventh and eighth questions found the facts which established the contributory negligence of the plaintiff. It is true that contributory negligence is or may be a mixed question of law and fact, but where the facts are found or are undisputed showing contributory negligence and there is no room for conflicting inferences upon the established facts, then the conclusion of law necessarily follows. The court was therefore clearly right in changing the answer to the ninth question to correspond with the facts found by the jury in the seventh and eighth questions. *Wanzer v. Chippewa Valley E. R. Co.* 108 Wis. 319, 84 N. W. 423; *St. Paul B. Co. v. Kemp,* 125 Wis. 138, 103 N. W. 259; *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139, 17 N. W. 632; *Martin v. Bishop,* 59 Wis. 417, 18 N. W. 337; *Fick v. C. & N. W. R. Co.* 68 Wis. 469, 32 N. W. 527; *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865; *Hogan v. Winnebago T. Co.* 121 Wis. 123, 98 N. W. 928; *Rahr v. Manchester F. A. Co.* 93 Wis. 355, 67 N. W. 725; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406.

Error is assigned because of refusal to submit the following question in lieu of question No. 7 submitted by the court:

"Was the deceased just before the accident intending to drive upon or across the track of the defendant? If you answer such question 'Yes,' then did the deceased, before nearing or entering upon the track, look and listen for the approach of the car from the rear?"

5] AUGUST TERM, 1909. 301

We think there was no error in the refusal to submit this question. The fact that the deceased was within the zone of danger when struck was undisputed, and he was bound to look and listen before entering the place of danger, and it was entirely unnecessary to submit to the jury what the deceased was intending to do just before the accident.

Some criticism is made upon the instructions and failure to instruct respecting contributory negligence, but we find no prejudicial error in this regard. The facts constituting contributory negligence were fairly submitted to the jury and found against the plaintiff. Therefore the defendant was entitled to judgment.

It follows that the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.