STEPHENSON, Appellant, vs. WISCONSIN GAS & ELECTRIC
COMPANY, Respondent.            ·

*February 12—March 10, 1925.*

*Automobiles: Collision with street car: Contributory negligence:*
*Special verdict: Inconsistent answers: Specific finding and*
*general conclusion.*

1. In an action to recover for the damage sustained by plaintiff's
   automobile when struck by defendant's street car at a street
   intersection, an answer in a special verdict that no want of
   ordinary care on the part of the driver of the automobile
   proximately contributed to cause the collision, being a gen-
   eral conclusion inconsistent with another answer that the
   driver of the automobile was able to see the approaching
   street car at such a distance from the intersection that by
   the exercise of ordinary care she might have avoided a col-
   lision, was properly changed by the court so as to accord
   with such other answer, which was a finding of a specific
   fact making the driver contributorily negligent. p. 405.
2. The driver of the automobile was required to observe ordinary
   care under the circumstances as they then existed and as
   they were apparent to her to avoid a collision with the street
   car approaching on an intersecting street, and on her failure
   to do so she was contributorily negligent. p. 405.
   OWEN, J., dissents.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Injury to property. Plaintiff was the owner of an auto-
mobile which at the time of the accident in question was
being driven northerly along Maplewood avenue in the city
of Kenosha. Maplewood avenue crosses Grand avenue,
which runs east and west. By ordinance the speed of street
cars is limited to fifteen miles per hour. Defendant's em-
ployees were operating a street car running westerly on
Grand avenue. As the wife of plaintiff approached with
the automobile from the south on Maplewood avenue on
February 17, 1923, at about 5:15 p. m., there was a collision,
resulting in damage to plaintiff's car, for the recovery of
which this action was begun.

There was a jury trial. The jury found that the defendant's car was traveling at an excessive rate of speed and that defendant's employees were negligent in other respects which proximately contributed to the injury complained of. In answer to question 11 the jury found that the driver of plaintiff's automobile was able to see the approaching street car at such distance east of the intersection that by the exercise of ordinary care she might have avoided the collision. In answer to question 12 the jury found that the driver of plaintiff's automobile was twenty-five feet from the street-car track when she first applied her brakes; and in answer to question 13 that no want of ordinary care on the part of the driver of plaintiff's automobile proximately contributed to cause the collision and resulting damage to plaintiff's automobile.

Upon motions after verdict, the court changed the answer to question 13 from "No" to "Yes," and defendant had judgment dismissing plaintiff's complaint, from which the plaintiff appeals.

For the appellant there was a brief by *Clarence J. Fisher* and *Roy S. Stephenson,* both of Kenosha, and oral argument by *Mr. Stephenson.*

For the respondent there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *M. E. Walker.*

Rosenberry, J. It appears from the record that the court also ordered judgment for the defendant notwithstanding the verdict. However, we find it not necessary to consider that aspect of the case.

The wife of plaintiff, who was driving the car at the time of the accident, in her testimony made no statement as to distances. It appears, however, from her testimony that it was daylight; that she saw the street car half way down the block to her right—that is, to the east,—and that she went forward thinking that she had time to cross the track; that the next time she looked she was just even with the curb line or the front wheels were a trifle past the curb line,

when she applied her brakes and came to a stop with the front wheels of the car within the zone of danger. She knew of the location of the street-car track upon Grand avenue. Mrs. Eliason, who was riding with her at the time, testified that when they were twenty-five feet south of Grand avenue she could see the rear end of the street car, which was then about 125 feet east of the east line of Maplewood avenue, coming at least twenty-five miles per hour, at least two and one-half times as fast as the automobile was traveling, and that the rate of speed of the street car could be observed. There was nothing to obstruct the view of the driver.

It is argued very strenuously that the court erred in holding that the answer to question 11 controlled the answer to question 13. The finding of the jury in response to question 11 was of a specific fact, while the finding of the jury in response to question 13 was of a general conclusion, and we are of the opinion that the trial court correctly held that the verdict was inconsistent and that under the evidence the answer to question 11 was a direct finding of contributory negligence amply sustained by the evidence.

It is contended that this case is ruled by *Dahinden v. Milwaukee E. R. & L. Co.* 169 Wis. 1, 171 N. W. 669. In this case it was plainly to be seen that the street car was not approaching at a lawful rate of speed, as appears from the testimony of Mrs. Eliason, and it was the duty of the driver of the automobile to observe ordinary care under the circumstances as they existed and as they were apparent to her by the use of her senses. This the jury found in response to question 11 she did not do. Such being the fact, she was guilty of contributory negligence. The court fully instructed the jury as to the rule set out in the *Dahinden Case,* and under that instruction the jury found contrary to the plaintiff's contention.

This case is ruled by *Vetter v. Southern Wis. R. Co.* 140 Wis. 296, 122 N. W. 731.

*By the Court.*—Judgment affirmed.

OWEN, J. (*dissenting*).   In answer to question 11 the jury found that the driver of plaintiff's automobile was able to see the approaching street car so that by the exercise of ordinary care she might have avoided the collision.   In answer to question 13 it was found that no want of ordinary care on the part of the driver of plaintiff's automobile proximately contributed to cause the collision and resulting damage to plaintiff's automobile.   The trial court held that these answers were inconsistent, and accorded controlling weight to the answer to question 11.   This ruling is approved by this court on the theory that the "finding of the jury in response to question 11 was of a specific fact, while the finding of the jury in response to question 13 was of a general conclusion."

If there is any principle of law that is thoroughly settled by the decisions of this court it is that only issuable facts should be submitted to a jury in the form of a special verdict.   *Wawrzyniakowski v. Hoffman & Billings Mfg. Co.* 146 Wis. 153, 131 N. W. 429; *Schendel v. C. & N. W. R. Co.* 147 Wis. 441, 133 N. W. 830.   In the latter case it is said:

"Special verdicts should be so drawn that, no matter what responsive answer is returned to any question, a judgment in favor of one party or the other can be based upon the verdict as returned."

Question 11 submitted no issuable fact to the jury.   The issuable fact to be determined by the jury was whether any want of ordinary care on the part of the driver of plaintiff's automobile proximately contributed to cause the collision and resulting damage.   Question 11 is nothing more nor less than a cross-examination of the jury.   It may tend to impeach the finding of the jury that there was no contributory negligence on the part of the driver of the plaintiff's automobile, but it does not nullify it.   The conclusion of the court can be reached only on the theory that, because the driver of the automobile could have avoided the collision,

it conclusively follows that she was guilty of contributory negligence because the collision occurred.   This can be true only upon the assumption that in a given situation there is only one course of conduct that constitutes ordinary care. I know of no such principle of law.   It may be conceded that this collision could have been avoided if the driver of the automobile had stopped when she saw the approaching street car.   This would have constituted ordinary care.   But does it follow that because she did not stop she was guilty of a want of ordinary care?   It is the settled law of this state that a person approaching a street-car track on a city street may calculate reasonably as to whether he can safely cross the track ahead of an approaching street car, and if, so exercising reasonable judgment, he attempts to cross the track and it turns out that he has miscalculated, he cannot be held guilty of a breach of duty to exercise ordinary care.   *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823; *Grimm v. Milwaukee E. R. & L. Co.* 138 Wis. 44, 119 N. W. 833; *Dahinden v. Milwaukee E. R. & L. Co.* 169 Wis. 1, 171 N. W. 669.   And the speed of the car makes no difference if in his calculations he takes into consideration the speed of the car and reasonably concludes that he may safely clear the track in view of the actual speed of the approaching street car.   *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823.   So it seems to me that while this collision would have been avoided had the driver of the automobile stopped when she saw the approaching street car, it does not necessarily follow that she was guilty of a want of ordinary care if, calculating reasonably, in view of the speed at which the street car was approaching, she could have reached the conclusion that she had time to clear the track, and there is no basis whatever for saying that the answer to question 11 nullifies the answer to question 13.

But in my judgment the most unfortunate feature of the opinion in this case is the statement that "the finding of the jury in response to question 11 was of a specific fact, while

the finding of the jury in response to question 13 was of a general conclusion, and we are of the opinion that the trial court correctly held that the verdict was inconsistent and that under the evidence the answer to question 11 was a direct finding of contributory negligence amply sustained by the evidence." It has been said by this court time after time that the ultimate question of plaintiff's contributory negligence is an issuable fact always to be submitted to the jury, unless of course it be resolved as a question of law. This verdict would not have been complete without question 13. Judgment could not have been rendered on the verdict with that question left out. Question 11 submitted nothing but an evidentiary fact which might properly be taken into consideration in determining the answer to question 13, but, as pointed out, the answer to question 11 does not necessarily determine the answer to question 13. It seems to me that the statement above quoted from the opinion of the court is likely to leave the impression that answers to questions in the nature of a cross-examination of the jury may properly be given greater weight than its answers to questions involving issuable facts. This is not and cannot be the law. The answer to question 13 determined an issuable fact. Question 11 was an impertinence in the verdict. If inconsistent, the answer to question 11 should have been . disregarded and judgment rendered in favor of the plaintiff unless the driver of the automobile was guilty of contributory negligence as a matter of law. As this court has not expressed itself upon that question, I shall not discuss it.

For these reasons I am obliged to dissent.