HERRO, Respondent, vs. NORTHWESTERN MALLEABLE IRON COMPANY, Appellant.

*April 4—June 18, 1923.*

*Death: Wrongful death of wife: Earnings of wife: Ownership: Excessive damages.*

1. An instruction that a husband is entitled to the services and earnings of his wife, and in the event of her wrongful death he is entitled to recover the value of her services after death, is erroneous, as even under sec. 2343, Stats., defining her rights as to her individual earnings—the governing statute prior to the enactment of sec. 6.015,—a husband is entitled only to the services of his wife performed for him and his family in and about the household and to those performed for him in the conduct of his business.
2. A verdict of $9,500 in favor of the husband for the death of his wife, a woman of unusual industry, ability, and capacity, is excessive, this court being of the opinion that the jury was misled by the erroneous instruction authorizing a recovery for all of the wife's services; and a new trial is granted unless defendant consents to the entry of judgment in the sum of $7,500.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed, with directions.*

This is an appeal by the defendant from a judgment for the sum of $9,500 damages and costs.

For the appellant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Howard A. Hartman,* all of Milwaukee.

For the respondent there was a brief by *Padway, Thompson & Skolnik,* attorneys, and *J. A. Padway,* of counsel, all of Milwaukee, and oral argument by *J. A. Padway.*

DOERFLER, J.   The action was brought by the plaintiff for damages sustained on account of the death of plaintiff's wife, caused by the wrongful act of the defendant. Liability was conceded, and the two grounds of error are, first, that the court erred in instructing the jury; and second, because the damages are excessive.

At the time of the death of the deceased on August 18, 1921, she was between thirty-two and thirty-three years of age, while the plaintiff was thirty-four years of age. Plaintiff for a number of years prior to the death of his wife was engaged in the confectionery business and earned between $1,800 and $2,000 a year, out of which sum he saved about $1,000 annually. Shortly before his wife's death plaintiff sold his business, for which he received $4,500, and he is also the owner of a flat which yields him a monthly rental of about $43. The deceased left her surviving four children, between the ages of nine years and eighteen months. She was an industrious woman, and not only attended to all the household duties but practically made all the clothes for the children, and was engaged almost daily, while the plaintiff was in business, for a period of four or five hours in aiding and assisting him therein. Since the death of the deceased plaintiff at one time paid in the neighborhood of $60 for the care of the children, and at another time he engaged a housekeeper to whom he paid $80 per month.

Defendant's counsel duly filed his exception to the following charge of the court:

"Under the law the husband is entitled to the services and earnings of his wife, and in the event of her death under such circumstances that he is entitled to recover damages, he is entitled to recover the value of her services after death."

It is claimed by defendant's counsel that since the enactment of sec. 6.015, Stats., a married woman is entitled to all of her earnings, and that none of her earnings belong to the husband. Prior to the enactment of sec. 6.015 the law in this state as to the right of a married woman with respect to her earnings was defined by sec. 2343, Stats., which reads as follows:

"The individual earnings of every married woman, except those accruing from labor performed for her husband, or in his employ or payable by him, shall be her separate property and shall not be subject to her husband's control or liable for his debts."

Under this statute a husband clearly was not only entitled to the services of his wife for labor performed for him and his family in and about the household, but he was also entitled to whatever earnings might result from labor performed for him or in his business. All other individual earnings of the wife were deemed her separate property the same as though she were a *feme sole,* and the same were not subject to her husband's control or liable for his debts. Sec. 2343 above quoted made marked and substantial inroads on the common-law right of a husband to the earnings of his wife. The instruction complained of is clearly erroneous, even under the provision of sec. 2343, Stats., for the reason that the jury in general language were told that the husband is entitled to the services and earnings of his wife, which would include not only the services rendered in and about the household and for the family and the services performed for him in and about his business, but *all other services,*

which would include services performed upon her own and separate account, which under said section become her separate property and which shall not be subject to her husband's control or liable for his debts.

In the instant case the deceased performed valuable services for her husband in the conduct of his business. Being a member of the household and family of the plaintiff, she voluntarily contributed such services for his benefit, and the presumption therefore obtains that had she continued to live she would have further contributed such services for his benefit. So that the jury were warranted, in ascertaining plaintiff's damages, to consider, in addition to the loss of services performed in the household and for the family, such services in and about the business of the plaintiff which, under the presumption above referred to, would continue after her death.

In defendant's second assignment of error it is contended that the damages awarded are excessive. In considering this assignment we must bear in mind what has heretofore been said on the first assignment of error. We are of the opinion that the amount of damages awarded by the jury is high and that the jury were misled by the instruction given, and that such instruction played a material part in arriving at the amount of the damages assessed. No case was cited in this court, and we believe there is none, where a verdict of this size was approved by this court under similar circumstances. It is true that the deceased was a woman of unusual industry, ability, and capacity, and that she performed extraordinary services which inured to the benefit of her husband, and that by her loss he sustained very substantial damages. Both of the parties to the action are entitled to the equal protection of the law, and we are of the opinion that the instruction given was not only erroneous but prejudicially so, and that it materially entered into the jury's assessment. No good purpose would result from a review of other similar cases, either in this court or in other courts,

for each case must depend, in the final analysis, largely upon the facts as disclosed by the evidence. We also recognize the broad discretionary power of the jury in the assessment of damages in a case of this kind.

*By the Court.*—The judgment of the circuit court is reversed, with directions to grant the defendant a new trial unless within twenty days after the return of the *remittitur* the defendant in writing consents to the entry of a judgment for $7,500, in which event it is ordered that such judgment be affirmed in that amount, with costs as of the date of the entry of the original judgment. The defendant is awarded costs on this appeal.