Asmus, Administrator, Plaintiff and Respondent, vs. Gams, Defendant and Appellant, and Asmus, Interpleaded Defendant and Respondent:

*September 15—October 11, 1932.*

*C. A. Markham* of Beaver Dam, for the appellant.

For the respondents there was a brief by *Barber, Keefe, Patri & Horwitz* and *W. Mead Stillman,* all of Oshkosh, and oral argument by *Frank B. Keefe.*

FAIRCHILD, J.   The issue here turns largely on the conduct of John Asmus, the interpleaded defendant, as he drove into the intersection with the car in which his wife and child were riding.   The testimony accepted by the jury as controlling is to the following effect: Asmus was to the right of appellant at the crossing of the highways; he noted the appellant approaching some distance away from the intersection.   Asmus concluded, after making his observation, that he had time to cross over.   After forming this judgment he drove into the intersection and reached the point where the collision occurred, having been the first of the two to enter.   These being the controlling facts, the findings of the jury as to negligence of appellant and as to freedom therefrom on the part of Asmus and his wife are amply sustained.   *Dahinden v. Milwaukee E. R. & L. Co.*

169 Wis. 1, 171 N. W. 669; *Olk v. Marquardt,* 203 Wis. 479, 234 N. W. 723.

The amount fixed by the jury for damages because of the death of Mrs. Asmus is criticised by appellant, who urges that the instructions to the jury on this subject by the learned trial judge were misleading and resulted in a higher assessment than is warranted by the law and the evidence. The portion of the charge to which this challenge is addressed is:

"It is sufficient if you determine the amount of such loss from the evidence to a reasonable certainty, taking into account the present value of her probable future contributions to the support and maintenance of the family of her husband within the period of his and her expectancy of life."

The evidence showed that Mrs. Asmus, in addition to her household duties, worked for others from six o'clock in the morning until twelve o'clock noon, several days a week, earning between $10 and $15. These earnings over a period of eighteen years had been contributed by her to assist the husband. They were applied toward the purchase of groceries, furniture, clothing for the children, and the purchase price of a home. The expectancy of life of both husband and wife was shown to be 25.99 years. Under this evidence the court submitted the question as to damages, with the instruction quoted. The earnings thus acquired by the wife were her separate property; but where the evidence shows her to be an interested and active member of her husband's household, helping him meet the obligations that are peculiarly his, making contributions to him of the moneys earned by her, a presumption arises that had she continued to live she would have continued her help in this respect. That is the sum and substance of the doctrine recognized in *Herro v. Northwestern Malleable Iron Co.* 181 Wis. 198, 194 N. W. 383.

Probable contributions to a parent by a child after reaching majority are properly considered in arriving at the

204

pecuniary loss sustained on the death of the child by the surviving parent. Baldwin, Personal Injuries, § 421. There are other situations from which supporting analogies might be drawn; but the intimate relations that grow up around the community interests of husband and wife, the interest of the wife in the husband's efforts for success, the tendencies which so naturally tie the wife and mother to the welfare of the home and its members, furnish sufficient foundation in themselves on which to base a presumption of a continuance of these contributions from her separate earnings. The present value of the probable future contributions was submitted to the jury as being within those damages which are capable of being measured by a pecuniary standard. The charge did not specify all the elements that were proper for the jury to consider on this subject, but this was not unfavorable to the appellant. The assignments of errors discussed, as well as other errors assigned, are, after consideration, deemed to have been without prejudice to appellant.

*By the Court.*—Judgment affirmed.