MASTERSON, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*March 15 — April 4, 1899.*

*Railroads: Wrongful ejection of passenger: Sunday contract: Excessive
damages: Improper remarks of counsel.*

1. In an action against a railway company under sec. 1818, R. S. 1878,
   for a tortious ejection from a train, the fact that the plaintiff
   claimed to be riding upon a ticket purchased on Sunday is imma-
   terial.

2. An award of $850 damages for the wrongful ejection of a passenger from a railway train is *held* to be excessive, where he was ejected in the outskirts of a city, without any serious insult being offered by the conductor, and he did not claim to have been made sick or disabled, or to have suffered in any way, except that he was robbed of a small sum, without violence, while walking along the track.

3. Whether the robbery in such case could form any ground for the recovery of increased damages *seems* doubtful.

4. Unwarranted statements of plaintiff's counsel in his argument to the jury, to the effect that, by reason of its immense power as a railroad corporation, the defendant had prostituted justice and attempted subornation of perjury, are *held* to be so prejudicial as to warrant reversal of a judgment in plaintiff's favor, unless properly rebuked by the trial court.

5. Where counsel abuse their privilege in their argument to the jury, it is the duty of the trial court to interpose with vigor and stop it; and a mere statement that the remark is subject to criticism, or that it is rather a strong statement, is insufficient to correct the evil.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

This is an action for unlawful ejection from a railway train. The evidence showed that the plaintiff boarded the defendant's passenger train at the station of Trempealeau, Sunday evening, June 20, 1897, intending to ride to La Crosse. The plaintiff claims that he purchased a ticket at Trempealeau station, and that it was taken up by the conductor soon after he got upon the train, and that afterwards, and just before the train reached La Crosse, the conductor demanded his ticket again, and insisted that he had received no ticket from him, and, upon his refusal either to give the conductor another ticket or pay fare, the train was stopped about one mile from the La Crosse depot, in an uninhabited region, and the conductor put him off the train, at about half-past 10 in the evening, and he had to walk into the city. The defense was that the plaintiff had no ticket, and refused to pay his fare, and was put off from the train on that account, and that the place where he was put off was close to the in-

habited part of the city. A general verdict for the plaintiff, fixing the damages at $850, was rendered, and from judgment thereon the defendant appeals.

For the appellant there was a brief by *Fish, Cary, Upham & Black*, and oral argument by *John T. Fish*.

For the respondent there was a brief by *Higbee & Bunge*, and oral argument by *Geo. W. Bunge*.

WINSLOW, J. This is a tort action for wrongful ejection from the train at a place not a usual stopping place, nor near a dwelling house, contrary to the provisions of sec. 1818, R. S. 1878, as construed by the case of *Phettiplace v. N. P. R. Co.* 84 Wis. 412. Hence the fact that the plaintiff claimed to be riding upon a ticket purchased on Sunday is not important. The action is not for breach of a Sunday contract, but for tortious ejection from the train.

The damages awarded seem to us excessive. The conductor was evidently honest in his belief that the plaintiff had not paid his fare or surrendered a ticket, and it seems he was acting, as he believed, in discharge of his duty. The plaintiff was put off in the outskirts of the city of La Crosse, and does not claim to have been made sick or disabled, nor to have suffered in any way, except that he claims to have been robbed in a gentlemanly manner by two tramps while he was walking along the track. There does not seem to have been any serious insult offered to the plaintiff by the conductor at the time of his ejection. In fact, many of the passengers did not, apparently, know that anything unusual was happening. In the case of *Phettiplace v. N. P. R. Co.*, *supra*, a verdict of $300 was said to be very liberal for an ejection fully as heinous as the one before us; and it was said that a less sum would have been more satisfactory. In *Boehm v. D., S. S. & A. R. Co.* 91 Wis. 592, the verdict was but $350, and the plaintiff in that case was compelled to walk a number of miles to get to his destination.

We should, perhaps, feel inclined to send the case back, with permission to the plaintiff to remit from the verdict, and enter judgment for a specified sum, were it not for some other matters in the record, now to be stated. It seems that an effort to settle the plaintiff's claim was made by the defendant's claim agent after the matter had been placed in the hands of attorneys, and without their presence. It appears, also, that the defendant claimed on the trial that the plaintiff's attorneys were prosecuting the action under a champertous agreement. These two charges seem to have been bandied back and forth by the attorneys until considerable ill feeling was aroused; and the plaintiff's attorneys upon the closing argument certainly went far outside of the record, and indulged in inflammatory language calculated to stir the prejudices of a jury, without cause. Thus, one of the plaintiff's attorneys said, in substance, that railroad corporations, by means of the immense force at their nod and beck, are able to accomplish the prostitution of justice; that in this case "you [the jury] have witnessed a proceeding which, in my judgment, is a prostitution of the usual and ordinary proceedings in a court of justice;" that there had been attempts on the part of the defendant which point strongly to subornation of perjury; that "reputation is cheap, weighed against the money of this company,— counsel does not consider it as that" (snapping thumb and finger); and more in the same strain. Careful examination of the case does not disclose any excuse for such statements and insinuations. The case seems to be one honestly defended by honorable counsel, and no good reason appears for such attempts to import into it mere abuse and appeal to prejudices, which are always easily aroused. Nor were these remarks rebuked with any degree of vigor by the circuit court. Again we say, as was said in *Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157, "A case that cannot be fairly won upon the evidence, by the use of legal and lawyer-like meth-

ods, presumably does not deserve to be won at all." And we say, in addition, that it is the duty of the trial judge to interpose with some vigor when counsel so abuse their privilege, and stop it. The mere statement by the judge that a remark is subject to criticism, or that it is rather a strong statement, is entirely insufficient to correct the evil.

The plaintiff proved, without objection, that after his ejection from the train, and while walking along the track, he was met by two tramps, who relieved him of $12.50 in money, without violence. It seems doubtful whether such an event could form any ground for the recovery of any increased damages, and it is argued that the testimony was immaterial; but as there was no objection or exception to the testimony, and the charge of the court is not preserved, the question is not before us, and we cannot rule upon it.

*By the Court.*— Judgment reversed, and action remanded for a new trial.