# CASES DETERMINED

## January Term, 1919.

---

DAHINDEN, Appellant, vs. MILWAUKEE ELECTRIC RAIL-
WAY & LIGHT COMPANY, Respondent.

*March 4—April 2, 1919.*

*Street railways: Collision with automobile: Contributory negli-
gence of driver: Question for jury.*

> As plaintiff, driving an automobile in the city of Milwaukee,
> approached a cross street on which were defendant's street
> railway tracks his view to the south was obstructed until he
> was about twenty-five feet from the north-bound track. He
> was then running from five to eight miles per hour. Look-
> ing south he saw a street car approaching about 175 feet
> away, decided he could cross safely in front of it, and shifted
> his gears accordingly. He did not look again in the two
> seconds within which his automobile reached the track. The
> car, running twenty-five miles per hour, struck his rear wheel.
> *Held,* that the question of his contributory negligence was
> one for the jury.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

This action was commenced in the civil court of Milwau-
kee county. At the conclusion of the trial a verdict was
directed in favor of defendant on the ground that plaintiff
was guilty of contributory negligence as a matter of law.
Plaintiff appealed to the circuit court for Milwaukee county,
where the judgment was affirmed. From the judgment of
affirmance plaintiff appeals.

The evidence disclosed that in the morning of the 2d day
of March, 1917, plaintiff was driving an Apperson automo-

bile west on Chestnut street in the city of Milwaukee, which street is intersected by Twenty-seventh street, upon which are the street railway tracks of the defendant. He approached Twenty-seventh street at about fifteen miles an hour. A car barn on the southeast corner of the intersection, about twenty-five and one-half feet distant from the track, prevented his view southward on Twenty-seventh street until he had cleared the car barn. The automobile was about thirteen feet from end to end. He slowed down so that as he cleared the street-car barn he was running from five to eight miles per hour. At this point he saw a street car approaching from the south about 175 feet distant. Considering that he had ample time to cross the track ahead of the street car, he shifted gears into intermediate and proceeded. He did not again look in the direction from which the street car was coming until he had entered upon the track, when he heard the gong violently sounding and discovered the street car rapidly approaching about twenty feet distant. He exerted every effort to cross ahead of the street car, but failed to clear the overhang of the street car by about three inches, and the left rear wheel of his automobile was struck by the street car, inflicting damage.

The evidence also showed that the street car was under the control and management of a student motorman and that it was running about twenty-five miles an hour. After the collision it ran a distance of 110 feet before it was brought to a stop.

For the appellant there was a brief by *Martin J. Brennan,* attorney, and *Walter Gold,* of counsel, both of Milkee, and oral argument by *Mr. Brennan.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Ralph M. Hoyt,* all of Milwaukee.

OWEN, J. The plaintiff could not obtain a view of the street-car track until he had cleared the car barn, about

twenty-five feet distant from the track.  The front end of
his car was at least five feet, and probably eight feet, closer
to the track, leaving it a distance of from seventeen to
twenty feet from the track.  He testified that when going at
the rate of five miles per hour he could stop his car within a
distance of three feet.  Assuming that he was going at the
rate of five miles an hour he would cover fourteen feet in
two seconds.  The last possible opportunity, therefore, for
him to look before entering the zone of danger was within
two seconds after he did look and concluded that he had
ample time to cross the track, during which time he shifted
gears.

As we understand the opinion of the trial court, he held
the plaintiff guilty of contributory negligence as a matter
of law because of his failure to look again, and the question
presented is whether the court was correct in that view of
the case.

Negligence consists in a want of that care and prudence
that the great mass of mankind exercises under the same or
similar circumstances.  Unless such want of care is so clear
and conclusive as not to admit reasonably of any opposing
inference in unbiased and unprejudiced minds, the proper
inference to be drawn must be determined by the jury.
*Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573.

The duty to look and listen enjoined upon those about to
cross a steam railway track also devolves upon those about
to cross a street railway track, but as to the latter the doc-
trine is somewhat less rigorously applied.  This court has
recognized a distinction between a steam and a street rail-
way in this respect, which distinction is pointed out in
*Grimm v. Milwaukee E. R. & L. Co.* 138 Wis. 44, 119
N. W. 833.  Attention is there called to the fact that cars
are run on street railway lines, especially in the city of Mil-
waukee, at certain periods of the day, with great frequency;
that they make numerous stops and do not attain that high
velocity that is acquired on steam roads; that they are more

Dahinden v. Milwaukee E. R. & L. Co. 169 Wis. 1.

easily controlled and can be more quickly stopped; that they are run on public streets where pedestrians and other vehicles enjoy equal rights, and not upon a private right of way which but occasionally intersects a highway.   In that case it was said, quoting from *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823, that:

"A person desiring to cross a street-car track in advance of an approaching car has the right of way if, calculating reasonably from the standpoint of a person of ordinary care and intelligence so circumstanced, he has sufficient time, proceeding reasonably, to clear the track without interfering with the movement of the car to and past the point of crossing, assuming that it is moving at a reasonable and lawful rate of speed.   If a person, exercising his judgment as indicated, attempts to cross the track, and it turns out that he has miscalculated, he cannot be held guilty of a breach of duty to exercise ordinary care.   If in the circumstances stated, other than the speed of the car, the car is approaching at an unlawful rate of speed, and it is observable by the person about to cross the track, by the exercise of ordinary care, he must take that into consideration in determining whether there is time to safely clear the track; the duty to exercise ordinary care for his own protection not being excused by the fault of anybody else."

In that case the driver of a laundry sleigh standing at the curb, as he stepped to the seat of the sleigh from the curb, looked to the north, saw a street car approaching, which he estimated at 900 feet distant, and calculated that he had plenty of time to cross the track ahead of the car, immediately turned his horse and drove into the pathway of the approaching car without again looking.   But before the turn was completed so that the sleigh would clear the passing car a collision occurred.

In holding that under such circumstances the driver was not guilty of contributory negligence as matter of law the court said:

"A court cannot say, as a matter of law, that persons of ordinary care using the streets of the city of Milwaukee do

not observe the distance cars are from the crossings and the probable rate of speed at which they are proceeding and do not calculate whether there is sufficient time to cross the tracks in advance of the car. If they did not do so, and waited until all cars were out of sight, they might find it difficult to cross at all." *Grimm v. Milwaukee E. R. & L. Co.* 138 Wis. 44, 52, 119 N. W. 833.

We think the doctrine of that case is applicable here. It is apparent that the plaintiff as he approached the corner was proceeding with due care. This is indicated by the fact that he slowed down to a speed of from five to eight miles per hour. As he passed the street-car barns he looked at the first opportunity and saw the street car about 175 feet distant. He had much experience in driving cars in the city of Milwaukee, and from this experience he estimated that he had ample time to cross the track ahead of the street car. In this he was not mistaken but for the fact that the street car was coming at an abnormal rate of speed, and even under those circumstances he lacked but three inches of clearing ahead of the car.

It would be a most rigorous application of the look-and-listen rule to hold that plaintiff was guilty of negligence as matter of law because, after having looked and deciding that he had time to cross ahead of the car, he did not look again within the space of two seconds, which was his last moment of opportunity before entering the danger zone, and this, especially, in view of the fact that during such time his attention was somewhat devoted to a shifting of gears.

In this connection it should be borne in mind that the view which he obtained of the approaching car was approximately a head-end view and not one which would readily enable him to discover the fact that the car was approaching at a high rate of speed.

We think it would be assuming overmuch to say plaintiff was guilty of negligence as matter of law. The question of whether he exercised such care and prudence as the ma-

jority of mankind exercise under the same or similar circumstances was a question for the jury.·

It follows that the trial court erred in directing the verdict, that the circuit court erred in affirming the judgment, and that the judgment should be reversed.

*By the Court.*—Judgment reversed, and the cause· remanded for further proceedings according to law.

KERWIN and ROSENBERRY, JJ.·, took no part.