CARLSON, Appellant, vs. STRASSER and another, Respondents.

*December 2, 1941—February 10, 1942.*

532

*Dudley O. Emmert* .of Antigo, attorney, and *Charles F. Smith* of Wausau of counsel, for the appellant.

*Chas. H. Avery* of Antigo, for the respondents.

FAIRCHILD, J. Respondent insists that upon his approaching the road he looked for oncoming cars and saw nothing to interfere with his entrance into the highway; that his observation was timely and thorough. There is testimony to sustain his claim, but there is testimony tending to establish a want of ordinary care in the matter of lookout, and the jury found that the want of ordinary care in that particular existed, and that it was a cause of the damage suffered by appellant. But the special verdict further required the jury to answer other questions in a measure covering material matters relating to yielding the right of way, and it is out of the conflict resulting from those answers that the difficulties confronting the court arise. If as a matter of fact respondent did not negligently fail to yield the right of way he would not be responsible for the collision. In one subdivision of the verdict the jury apparently face one way and in the next subdivision their view is contrary.

The contradictory answers create a decided uncertainty as to what should be held to be the final and controlling conclusion. The question to be solved, as pointed out in the court's instructions, is, Was the act within reason and did the actor use such caution "that in the exercise of ordinary care on the part of the drivers of both automobiles the driver of the automobile approaching onto the highway had time to reach his legal position on the highway and not obstruct the right of way of the approaching automobile?"

One entering a public way from a private drive is bound to maintain a proper lookout. If he is causally negligent in the matter of maintaining such lookout that fact would indicate that he could have seen an approaching car and was consequently under a duty to yield the right of way. *Neuser*

*v. Thelen* (1932), 209 Wis. 262, 244 N. W. 801. Having maintained a proper lookout and having observed conditions upon the highway, the entering driver may proceed if, proceeding with due care, he has time to take his place on the highway without interference with other users of the highway. *Dahinden v. Milwaukee E. R. & L. Co.* (1919) 169 Wis. 1, 171 N. W. 669; *Olk v. Marquardt* (1931), 203 Wis. 479, 234 N. W. 723. Had respondent looked there would remain in him the duty of exercising reasonable judgment in calculating on the time and opportunity for entering. The controlling element, that of right of way, was not so treated in the questions of the special verdict as to fix the legal fault upon either actor if fault existed. Had the questions submitted been so arranged as to direct the thoughtful attention of the jury to ultimate facts affecting the real issue, *i. e.,* position on the highway, the importance of the answers to be made would be emphasized and would be likely to elicit solemn findings making it possible for the court to enter a proper judgment upon facts properly determined. As it is in the matter before us a field of speculation was presented to the trial court.

While the failure to look must be connected with the failure to yield the right of way by an operator of a vehicle entering a public highway from a private driveway, the failure to look would exist as an essential element only if it resulted in a negligent failure to yield the right of way. Had the evidence been all one way as to the distance appellant was away when respondent entered the highway, the trial court's ruling would have been correct, but the testimony is not uncontradicted and a jury question existed. The dispute in the evidence is such, and the contradictory findings of the jury upon the question of causal negligence are such, that we see no just way of disposing of the matter other than by remanding the cause for a new trial. Had the jury under proper instructions been told that if they found that failure to look was the

causal negligence, they need not answer further upon the point of right of way, they would not have brought the confusing answers which now present inconsistent findings leaving the special verdict failing to show with sufficient clearness that respondent's conduct was the cause. *Selleck v. Griswold* (1880), 49 Wis. 39, 5 N. W. 213; *Wanzer v. Chippewa Valley Electric R. Co.* (1900) 108 Wis. 319, 84 N. W. 423; *Hebbe v. Maple Creek* (1904), 121 Wis. 668, 99 N. W. 442.

The proper practice in submitting a special verdict was stated by this court in the case of *Baxter v. Chicago & N. W. R. Co.* (1899) 104 Wis. 307, 317, 80 N. W. 644, in the following language:

"This court has iterated and reiterated the doctrine that special verdicts should consist of a sufficient number of plain, single questions, calling for direct answers, to cover the facts in issue on the pleadings."

The trial judge was of the opinion that appellant's contribution to the collision was at least equal to that of respondent's and ruled accordingly, but the state of the evidence gives us a very positive situation in which the ultimate facts must be determined by the jury.

The questions must be so framed that the jury can find the ultimate facts and that those findings will inform the court and "reveal all essential facts necessary to enable the court to enter the correct judgment protecting the rights of all." *Olk v. Marquardt, supra,* p. 483.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.