HATCH and another, Respondents, vs. SMAIL and another, Appellants.

*June 5—June 22, 1946.*

For the appellants there was a brief by *Ramsdell, King & Linderman* of Eau Claire, and oral argument by *Bailey Ramsdell.*

For the respondents there was a brief by *Wilcox, Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

Rosenberry, C. J.   On February 22, 1938, the plaintiff was riding in a car driven by the defendant, George Smail. Mr. Phillips, who died before the trial, was riding on the right-hand side of the driver.   The plaintiff Hatch was riding at the left in the rear seat and on his right was his employer, C. R. Stocks.   In attempting to make a curve to the left, of less than forty-five degrees, at a speed of approximately forty miles an hour, the driver lost control of the car which turned around completely once, headed back off the shoulder and

tipped over. The plaintiff does not recall exactly how he got out of the car and claims to have been dazed by a blow of some kind. The accident occurred about 3:30 or 3:45 in the afternoon. As soon as the occupants of the car were out, they proceeded to set the car up on its wheels. One of the witnesses in describing the event, said:

"We went to right this car almost immediately. Water was coming out of the battery. We were afraid of fire, that was one thought. Nothing was said about it. We rushed around immediately. I think we all had the same thought in mind. We looked each other over for a second or two, there didn't seem to be any serious damage, so lifted the car up. I believe that it is right to say that we moved around by common impulse. My main thought was getting a way to get home. I was afraid if we did not do that I might not have a way to get home. . . . I would agree with Mr. Smail that between the time of clambering out and the time of going around to right the car it might have taken a half a minute or less. Probably a minute at the outside."

The great preponderance of the evidence tends to show that plaintiff sustained an injury by having his wrist come in contact with broken glass while the car was being righted. By its special verdict the jury found that the defendant Smail, the driver of the car, was negligent in failing to keep proper control, failing to maintain a proper lookout for the condition of the highway, and in driving his car at an excessive speed in view of the condition of the highway; that these acts of negligence were a cause of the accident and of the damages sustained thereby. The jury found that the plaintiff was free from negligence; that the plaintiff did not acquiesce in the manner in which Smail was operating the automobile with respect to management and control and speed.

With respect to causation, the court instructed the jury as follows:

"Negligence is the cause of a collision or injury when it alone produces the same or co-operates with some other cause

in producing it jointly as a natural result. An intervening act of a human being which is a normal response to the stimulus of a situation created by the negligence of another does not prevent an injury received during such act from being the natural result of the original negligence.

"The question is if you feel from the evidence that the injuries of the plaintiff, Leonard Hatch, were received while doing something after the accident itself, then you must decide whether the action in which the injury was received was a normal response to the stimulus of the situation and emergency created by the accident. It is for you to determine from all the evidence in the case whether the accident and injury were the natural result of the negligence and, if so, then of what and whose negligence?

Upon this appeal the defendants first contend that the evidence does not sustain the finding of the jury as to the negligence of the defendant Smail. We have carefully examined the evidence, and it is considered that the evidence if believed by the jury is ample to sustain the verdict.

The defendants next contend that no one having received compensable injuries because of the tipping over of the car, but that the injuries sustained by the plaintiff were the result of the efforts of the four occupants of the car to tip it back on its wheels, during which operation the plaintiff's wrist was cut on the edge of a broken window glass; therefore the negligence of the defendant Smail was not the cause of the plaintiff's injury.

This contention requires us to deal with one of the most difficult problems in the law of causation. It is not enough that the defendant Smail's conduct was, as the jury found, negligent as to the plaintiff but it must also appear that such negligence was a legal cause of the plaintiff's harm. Legal cause is defined in the Restatement, 2 Torts, sec. 431, as follows:

"The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b)" (not material).

In the comment on this section, it is said:

"*a.* . . . The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

"*b.* In many cases the question before the court is whether the actor's negligence was in fact the cause of the other's harm —that is, whether it had any effect in producing it—or whether it was the result of some other cause, the testimony making it clear that it must be one or the other, and that the harm is not due to the combined effects of both. . . . It is only where the evidence permits a reasonable finding that the defendant's conduct had some effect that the question whether the effect was substantial rather than negligible becomes important."

In sec. 433 of the Restatement, 2 Torts, there is set out the considerations which are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another. Among these are those set out in sub. (b), which is as follows:

"(b) Whether after the event and looking back from the harm to the actor's negligent conduct it appears highly extraordinary that it should have brought about the harm;

"(c) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible."

The jury having found the defendant Smail negligent and that such negligence caused the overturning of the car, there is certainly nothing highly extraordinary in the fact that the

glass in the window of the car was broken. The car having been overturned by reason of the negligence of the defendant Smail, the immediate effort of the occupants to right the car was certainly not extraordinary,—the response of the occupants was what would naturally be expected under the circumstances. The broken glass was a result not unusual under such circumstances. There is no claim that the plaintiff was in any way guilty of contributory negligence in doing what he did under the circumstances.

The case therefore falls well within the rule laid down in *Kramer v. Chicago, M., St. P. & P. R. Co.* (1937) 226 Wis. 118, 130, 276 N. W. 113, where sec. 443 of the Restatement, 2 Torts, was quoted; it is as follows:

"An intervening act of a human being or animal which is a normal response to the stimulus of a situation created by the actor's negligent conduct, is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about."

In the case of *Kramer v. Chicago, M., St. P. & P. R. Co., supra,* the plaintiff was injured by falling from a boxcar. The train crew had attempted to connect a string of cars but the automatic coupling was defective and the connection was not made. In the second attempt to make the coupling, which also failed, the impact drove three of the cars southward away from the engine. The plaintiff and another employee attempted to set the brakes. The other employee succeeded in reaching the brake first and the jolting caused by the stopping of the train caused the plaintiff to fall upon the track, causing the injuries complained of. The contention was made in that case that it was the act of the second employee in setting the brakes that caused the plaintiff's injuries. This court, however, after a careful analysis, applied the rule set out in sec. 443, Restatement, Torts, and in the comment already referred to.

Sec. 434, Restatement, Torts, is as follows:

"It is the duty of the court to determine whether, upon the facts which are admitted, found by special verdict or reasonably inferable from the evidence, the actor's conduct is a substantial factor in bringing about harm to another, unless the question is open to a reasonable difference of opinion, in which case it is to be left to the jury."

We have already set out the instruction of the court to the jury covering this matter. By submitting the question to the jury under this instruction, the trial court held that the question was for the jury. This holding is considered to be correct. The court also properly instructed the jury. The evidence clearly sustains the finding of the jury that the negligence of the defendant Smail was a substantial factor in causing the injury sustained by the plaintiff. It may well be under the facts of this case that the court might have determined causation as a matter of law. As to that, however, it not being necessary to a decision, no determination will be made.

At the close of the instructions of the court to the jury, counsel for plaintiff asked the court to define the word "accident," which the court had used in the course of its instructions in connection with question 2 of the verdict. The question was:

"If you answer any subdivision of question 1, 'Yes,' then was the negligence of the defendant George Smail, which you so find, a cause of the accident and of the damages caused thereby."

In response to the request of counsel to give the jury a definition of the term "accident," as used in the instructions, the court said:

"The instructions are intended to cover the occurrence of the upsetting of the automobile rather than a collision of two cars coming together; this was an upset automobile, and that

is what the term 'accident' is intended to refer to in those questions, and the jury are so instructed."

It is now contended that in view of the definition given by the court, question 2 merely inquires as to whether the negligence of the driver of the car was the cause of the upset and assumes that the upset was the cause of the plaintiff's damages. It is considered that this point is not well taken. The instruction might have been clearer if the court had made no use of the word "collision," because there is not what is ordinarily thought of as a collision in this case. It may have been confusing to the jury. However, if there was any defect in the definition of accident, it was cured by the very careful instruction which the court gave the jury regarding "the intervening act of a human being," already set out. There can be no doubt from the instructions and the whole verdict that the jury found that the plaintiff's injuries were the result of the defendant Smail's negligence.

*By the Court.*—Judgment affirmed.

WICKHEM, J., dissents.