HEINECKE and another, Respondents, vs. HARDWARE MUTUAL CASUALTY COMPANY and another, Appellants.

*April 2—May 5, 1953.*

For the appellants there was a brief and oral argument by *John P. McGalloway* of Fond du Lac.

For the respondents there was a brief and oral argument by *Kenneth E. Worthing* of Fond du Lac.

BROADFOOT, J.   The defendants contend upon this appeal that the claimed acts of negligence by the defendant Anderson were questions of fact for the jury and that there was ample credible evidence to support the findings of the jury. The plaintiffs still insist that Anderson was negligent as a matter of law in respect to lookout and also in respect to failure to yield the right of way. The plaintiffs contend that it was Anderson's duty as a matter of law to look as far as possible down the highway for approaching traffic and that it was

possible for him to look a distance of 1,700 feet and that he only looked 800 feet. The plaintiffs also cite the following statute:

"85.18 (9) *Emerging from alley or private driveway.* The operator of a vehicle entering a public highway from an alley, garage, or private driveway shall yield the right of way to all vehicles approaching on such highway."

They contend that this statute must be literally applied. Such interpretation, of course, would compel a finding that Anderson was negligent as a matter of law in failure to yield the right of way.

The proper determination of this case involves the duty of the driver of a motor vehicle entering a public highway from a private driveway. These duties were defined in the case of *Carlson v. Strasser,* 239 Wis. 531, 2 N. W. (2d) 233. In that case a truck, parked parallel with the highway, was driven from a private driveway upon the public highway. In that case the court said (p. 535):

"One entering a public way from a private drive is bound to maintain a proper lookout. If he is causally negligent in the matter of maintaining such lookout that fact would indicate that he could have seen an approaching car and was consequently under a duty to yield the right of way. *Neuser v. Thelen* (1932), 209 Wis. 262, 244 N. W. 801. Having maintained a proper lookout and having observed conditions upon the highway, the entering driver may proceed if, proceeding with due care, he has time to take his place on the highway without interference with other users of the highway. *Dahinden v. Milwaukee E. R. & L. Co.* (1919), 169 Wis. 1, 171 N. W. 669; *Olk v. Marquardt* (1931), 203 Wis. 479, 234 N. W. 723. Had respondent looked there would remain in him the duty of exercising reasonable judgment in calculating on the time and opportunity for entering."

If applied literally, the above statute would lead to absurd results. No driver could enter a public highway from a private driveway if another car was approaching. The statute

does not limit the term "vehicles approaching" to those in sight. The rules laid down in the *Carlson Case, supra,* are standards of ordinary care to be applied by a jury to the facts and circumstances in each case.

Applied to this case, before entering upon the highway it was Anderson's duty to make a proper lookout. It was his duty by such lookout to look a sufficient distance to ascertain that anyone approaching upon the highway at a lawful rate of speed would not interfere with his entering upon and reaching his proper position upon the highway. If he did not look a sufficient distance or if he did not see a vehicle approaching within that distance, then he failed to make a proper or efficient lookout. Having made his observation, he then had to exercise reasonable judgment in calculating the time it would take him to enter and reach his proper position on the highway. If he did not make a reasonable calculation, then he was negligent. Both questions are to be determined by the jury. Anderson did not see the location of the Heinecke car at the time he entered upon the highway. Heinecke did not know where his car was when the truck entered upon the highway. Mrs. Anderson, however, was in a position where she could see the location of the two vehicles. The jury heard and saw the witnesses. It was the sole judge of their credibility. There is sufficient evidence to sustain its findings, and the court should have permitted the verdict to stand.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to reinstate the judgment of the municipal court.

CURRIE, J. (*dissenting*). In this case the defendant Anderson had a clear unobstructed view available to him of 1,700 feet of highway to the south. He proceeded to drive onto the paved portion of such highway from the west, or left, side thereof diagonally across in the path of the oncoming Heinecke car. Anderson failed to clear the center line of the

pavement, but still had the left rear corner of the truck on the left side of such center line when the truck was struck by the oncoming Heinecke car.

The undisputed testimony is that the headlights of the Heinecke automobile were lighted. Nevertheless, Anderson testified that he never at any time saw the Heinecke car prior to the impact. This in my opinion constituted negligence with respect to lookout as a matter of law. It surely was the duty of Anderson at some time, before placing the truck across the highway directly in the path of the oncoming Heinecke car, to have made an observation which would have disclosed the approach of such car.

This is not a case where one attempting to enter and proceed upon a highway with a motor vehicle makes an observation and sees an approaching car and concludes that he has time to enter and get straightened around on his own side of the road without causing a collision, and a collision nevertheless occurs because of the excessive speed of the approaching vehicle. In the latter situation the issue of lookout is properly for the jury.

I would affirm the judgment for the reasons so well stated by the learned trial judge in his memorandum opinion that Anderson was causally negligent as to lookout as a matter of law.